# Exhibit D

**List of sixty-four (64) cases finding KCDA prosecutors violated Brady, Knowingly, Used False or Misleading Evidence and made improper summation arguments**

## LIST OF 64 CASES FINDING KCDA PROSECUTORS VIOLATED BRADY, KNOWINGLY USED FALSE OR MISLEADING EVIDENCE, AND MADE IMPROPER SUMMATION ARGUMENTS

1. *People v. Murphy*, 109 A.D.2d 895 (2d Dep't 1985)(prosecutor failed to timely disclose *Brady* material)

2. *People v. Perez*, 65 N.Y.2d 154 (1985)(prosecutor committed *Rosario* violation by failing to disclose documentation indicating key witness accepted bribe)

3. *People v. Gairy*, 116 A.D.2d 733 (2d Dep't 1986)(prosecutor failed to timely disclose *Brady* material)

4. *People v. Ranghelle*, 69 N.Y.2d 56 (1988)(DA failed to obtain and disclose *Rosario* material; conviction reversed)

5. *People v. Lugo*, 153 A.D.2d 761 (2d Dep't 1989)(prosecutor's suppression of *Rosario* material required reversal of conviction)

6. *People v. Cortez*, 149 Misc.2d 886 (Sup. Ct. Kings Co. 1990)(police violated *Brady* by violating court order and intentionally destroying tape containing impeachment material; DA "shared responsibility"; indictment dismissed)

7. *People v. Nedrick*, 166 A.D.2d 725 (2d Dep't 1990)(failure to disclose tape-recorded impeachment material)

8. *People v. Anderson*, 160 A.D.2d 806 (2d Dep't 1990)(prosecutor failed to timely disclose impeachment material)

9. *People v. Julio Acevedo*, Ind. Nos. 9292/87 and 1373/87 (during defendant's 1990 trial, prosecutor suppressed that a cooperating witness had confirmed the defendant's duress defense that he had been forced to commit the crime)

10. *People v. Derrick Hamilton*, Ind. No. 142/91 (trial prosecutor falsely presented her as a voluntary witness, but did not disclose that she had been arrested in North Carolina, extradited to New York against her will, threatened by the trial judge at a secret proceeding with incarceration if she did not cooperate with the ADA, and then held in a "hotel custody" by DA's detective-investigators. Several prosecutors then withheld all of these facts during defendant's post-verdict CPL § 330.30 hearing)

11. *People v. David Ranta*, Ind. No. 8990/90, reported at 203 A.D.2d 307 (2d Dept. 1994)(myriad *Brady* violations and use of false or misleading evidence during defendant's 1991 trial. Appellate Division notes it does not "condone," the *Brady* and *Rosario* violations, but did not reach the merits on the ground of lack of preservation)

12. *People v Jonatham Fleming*, 196 A.D.2d 551 (2 Dep't 1993) (during defendant's 1990 murder trial, prosecutor suppressed *Brady* material indicating defendant was in another State at the time the crime was committed. Exonerated in 2014 upon the motion of the new KCDA, Ken Thompson)

13. *Lopez v. Miller*, 915 F.Supp.2d 373, 431 (E.D.N.Y. 2013) (Garifus, J.) (court finds that the prosecutor, during defendant's 1990 murder trial, was "overzealous and deceitful" and falsely claimed prosecution witness had never been made aware of cooperation agreement)

14. *People v. Brazzeal*, 172 A.D.2d 757 (2d Dep't 1991)(prosecutor gave an improper and prejudicial summation);

15. *People v. Faison*, 176 A.D.2d 752 (2d Dep't 1991)(prosecutor belatedly disclosed witness' prior statement)

16. *People v. Crespo*, 188 A.D.2d 483 (2d Dep't 1992)(mistrial granted due to prosecutor's *Brady* violation)

17. *People v. Brown*, 187 A.D.2d 437 (2d Dep't 1992)(trial court sanctioned prosecutor for *Brady* violation)

18. *People v. Young*, 155 Misc.2d 878 (Sup. Ct. Kings Co. 1992) (failure to disclose impeachment material required new trial; hearing court condemned prosecution for tailoring testimony)

19. *Walker v. City of New York*, 914 F.2d 293 (2d Cir. 1992)(court upheld *Monell* claim against City of New York for unlawful policies of Brooklyn D.A.'s Office that allegedly resulted in withholding of *Brady* material causing plaintiff's wrongful conviction and 18- year imprisonment [City settled for $3.5 million])

20. *People v. Donald Giddings*, 2/21/92 NYLJ 25 (col. 1)(Sup. Ct, Kings Co. February 21, 1992)(prosecutor's failure to disclose witness's prior inconsistent statements required conviction to be vacated)

21. *People v. Cecora,* 186 A.D.2d 215 (2d Dep't 1992)(failure to disclose ADA interview notes with arresting officer containing potential impeachment)

22. *People v. Hughes,* 181 A.D.2d 132 (2d Dep't 1992)(hearing required regarding failure to disclose exculpatory police report)

23. *People v. Jnswood,* 180 A.D.2d 649 (2d Dep't 1992)(DA's failure to turn over *Brady* material was error)

24. *People v Wagstaffe,* 120 A.D.3d 1361 (2d Dep't 2014) (during 1992-1993 trial, prosecutor suppressed *Brady* material that contradicted detective's testimony at defendants' *Wade* hearing)

25. *People v. Jackson,* 198 A.D.2d 301 (2d Dep't 1993), affirming 154 Misc.2d 718 (Sup. Ct., Kings County. 1992)(prosecutors failed to timely disclose exculpatory statements; conviction reversed)

26. *People v. Stevens,* 199 A.D.2d 441 (2d Dep't 1993)(*Rosario* material "improperly" withheld as well as *Brady* material; prejudice not sufficient to require reversal)

27. *People v. Jeffrey Marshall,* Ind. Nos. 7578/92, 9490/92, 12592/92 (Homicide Bureau Chief Michael Vecchione suppresses his cooperation agreement with star prosecution witness, elicits wintess' false tesitmony, and produces witness to KCDA on *Damiani* order to negotiate deal with witness and circumvent the witness' lawyer)

28. *People v. Khadaidi,* 201 A.D.2d 585 (2d Dep't 1994)(conviction reversed for DA's failure to disclose prosecutor's interview notes with complainant containing a prior inconsistent statement)

29. *People v. Alvarado,* 201 A.D.2d 486 (2d Dep't 1994)(police reports containing impeachment material not disclosed. conviction reversed)

30. *People v. Barnes,* 200 A.D.2d 751 (2d Dep't 1994)(prosecutor did not record and did not disclose eyewitness's recantation; conviction not reversed because eyewitness ultimately recanted on the witness stand and was adequately cross-examined)

31. *People v. Bramble,* 207 A.D.2d 407 (2d Dep't 1994)(sanctions upheld for prosecution's failure to preserve police audiotapes notwithstanding defense discovery request)

32. *People v. Roberts*, 203 A.D.2d 600 (2d Dep't 1994)(DA delayed one year in disclosing exculpatory witness statement, by which time witness was unavailable; conviction reversed)

33. *People v. Neptune*, 161 Misc.2d 781 (Sup. Ct Kings County 1994)(Gerges, J.) (court ruled D.A.'s Office acted unethically by improperly using invalid subpoena to cause a witness to appear for an interview at the D.A.'s office)

34. *People v. Scott*, 216 A.D.2d 592 (2d Dep't 1995)(DA suppressed reports, including polygraph results indicating key witness was withholding information)

35. *People v. Ramos*, 166 Misc.2d 515 (Sup. Ct. Kings Co. 1995)(due to DA's policy of not taking of witness interviews, trial assistant not aware that previous assigned prosecutors interviewed complainant and possibly obtained information the court had required the People to disclose to the defense; conviction vacated on due process grounds)

36. *People v. Rahman*, 231 A.D.2d 745 (2d Dep't 1996)(matter remitted for hearing concerning prosecution's apparent improper withholding of witness's cooperation agreement)

37. *People v. Perkins, 221* A.D.2d 572 (2d Dep't 1996)(prosecutor failed to disclose cooperation agreement as required with witness)

38. *People v. Scott*, 88 N.Y.2d 888 (1996)(DA failed to disclose statement regarding polygraph result)

39. *People v. Callendar,* 227 A.D.2d 499 (2d Dep't 1996) (conviction reversed due to ADA'sfailure to turn over notes of detective's prior statement])

40. *People v. Bruce*, 224 A.D.2d 438 (2d Dep't 1996)(conviction reversed for prosecutor'sfailure to produce police reports containing impeachment material)

41. *People v. Dominic Dupont*, Kings County Indictment Number 6287/97 (Feldman, J.)(court found ADA made misrepresentation during defendant's 1998 trial by claiming Office did not possess physical evidence specifically requested by the defense)

42. *People v. Roger Logan*, (convicted in 1997 after prosecutor introduced false evidence by "eyewitness" who was actually in jail at the time of the relevant events. Conviction vacated in 2014 by DA Ken Thompson's Conviction Integrity Unit)

43.  *People v. LaSalle*, 243 A.D.2d 490 (2d Dep't 1997)(conviction reversed due to prosecutor's "blatant misrepresentation of the facts" during summation)

44.  *People v. Gourgue*, 239 A.D.2d 357 (2d Dep't 1997)(prosecutor put notes of complainant's statements in the form of questions to "circumvent" disclosure obligation; conviction reversed)

45.  *People v. Hill*, 244 A.D.2d 572 (2d Dep't 1997)(prosecutor sanctioned for failing to disclose 911 tape)

46.  *People v. Gramby*, 251 A.D.3d 346 (2d Dep't 1998)(prosecutor suppressed 911 tape during pre-trial hearing and failed to disclose it before trial)

47.  *People v. Green*, 10/19/99 N.Y.L.J. p.30, col. 1 (Sup. Ct., Kings Co., October 19, 1999)(Starkey, J.)(People failed to disclose *Brady* material)

48.  *People v. Bond*, 95 N.Y.2d 840 (2000)(myriad *Brady* violations established at CPL § 440.10 hearing, including failure to disclose material witness proceeding concerning principal witness; conviction reversed due to failure of DA to disclose prior unrecorded statements to police by People's main witness that she did not see the shooting about which she testified as an "eyewitness")

49.  *People v. Davis*, 709 N.Y.S.2d 345 (Sup.Ct. Kings Co. 2000)(DA's Office violated court's order to disclose exculpatory evidence to defense before indictment; indictment dismissed)

50.  *People v. Campbell*, 269 A.D.2d 460 (2d Dep't 2000) (prosecutor's suppression of *Rosario* material, a tape-recorded statement by the complainant, required reversal of conviction)

51.  *People v. Calabria*, 94 N.Y.2d 519 (2000)(prosecutor repeatedly defied court's ruling and made false or misleading argument to jury)

52.  *People v. Campos*, 281 A.D.2d 638 (2d Dep't 2001)(prosecutor failed to timely disclose *Brady* material; prejudice not sufficient to require reversal)

53.  *Leka v. Portuondo*, 257 F.3d 89 (2d Cir. 2001)(conviction overturned on habeas review due to ADA's suppression of *Brady* material; ADA additionally misled defense counsel regarding a crucial witness)

54.  *People v. Maddery*, 282 A.D.2d 761 (2d Dep't 2001)(prosecutor's failure to disclose 911 tape before trial as required by law required reversal of conviction)

55. *Boyette v. LeFevre*, 246 F.3d 78 (2d Cir. 2001)(conviction vacated on habeas review because prosecutors had suppressed numerous items of *Brady* material could have persuaded the jury to acquit the defendant, who had a strong alibi defense)

56. *People v. Cannon*, 191 Misc.2d 136 (Sup. Ct. Kings County 2002)(police failed to preserve surveillance photographs, conduct for which the D.A. is "accountable")

57. *People v. King*, 298 A.D.2d 530 (2d Dep't 2002)(prosecutor's failure to disclose 911 tape before trial as required by law required conviction to be reversed)

58. *People v. Jenkins*, 98 N.Y2d 280, 287-88 (2002)(Kaye, C.J., dissenting) (prosecutor's late disclosure of ballistics report "blind sided" the defense and was inexcusable)

59. *People v. Vielman*, 31 A.D.3d 674 (2d Dep't 2006)(reversing conviction because prosecutor's summation rested on a '"false premise" and was a "blatant attempt to mislead the jury")

60. *People v. Jones*, 31 A.D.3d 666 (2d Dep't 2006)(prosecution fails to correct the false testimony of a key witness)

61. *People v. Thompson*, 54 A.D.3d 975 (2d Dep't 2008)(prosecutor suppressed "*Brady* material" indicating someone other than the defendant committed the crime)

62. *Waston v. Greene*, 2009 WL 5172874 (E.D.N.Y. 2009)(Ross, J.)(DA disclosed *Brady* material "too late" for the defense to make use of it even though they were aware of material "more than a year in advance of trial")

63. *People v. Malik*, 25 Misc.3d 1214(A) (Sup. Ct. Kings County 2009)(Goldberg, J.) (prosecution's suppression of police report and other documents required vacatur of conviction)

64. *People v. Fuentes*, 12 N.Y.3d 259 (2010)(prosecutor improperly withheld one-page of notes from medical records of complainant containing potentially favorable evidence for the defense; two judges find the suppression was "deliberate")