# Exhibit E

List of twenty-seven (27) cases in the Three (3) Years Period Preceding McDowell's February 1992 Trial that gave District Attorney Charles Hynes Notice of the Need to Investigate, Supervise and Discipline his prosecutors with respect to handling Brady Material.

<u>**EXHIBIT D**</u>

**LIST OF 27 CASES IN THE FOUR-YEAR PERIOD PRECEDING COOPER'S NOVEMBER 1993 TRIAL THAT GAVE HYNES NOTICE OF THE NEED TO INVESTIGATE, SUPERVISE, AND DISCIPLINE HIS PROSECUTORS WITH RESPECT TO THEIR HANDLING OF THEIR <u>*BRADY*</u> OBLIGATIONS[1]**

1. *People v. Vilardi*, 542 N.Y.S.2d 238 (2d Dep't 1989) (vacating conviction based on prosecutor's failure to turn over exculpatory police report)

2. *People v. Lugo*, 544 N.Y.S.2d 985 (2d Dep't 1989) (granting motion to vacate conviction based on *Brady* and *Rosario* violations, holding that *Rosario* violation clearly undermined conviction, rendering further Brady analysis unnecessary)

3. *People v. Lyking*, 537 N.Y.S.2d 314 (2d Dep't 1989) (prosecutor's improper summation deprived defendant of a fair trial and required reversal of conviction)

4. *People v. Rayford*, 158 A.D.2d 482 (2d Dep't 1990) (prosecutor suppressed exculpatory information concerning use of suggestive identification procedures)

5. *People v. Nedrick*, 166 A.D.2d 725 (2d Dep't 1990) (prosecutor failed to disclose tape-recorded impeachment material)

6. *People v Pizzali*, 159 A.D.2d 652 (2 Dep't 1990) (prosecutor made late disclosure of eight or nine items of *Rosario* material)

7. *People v. Anderson*, 160 A.D.2d 806 (2d Dep't 1990) (prosecutor failed to timely disclose impeachment material)

8. *People v. Cortez*, 149 Misc.2d 886 (Sup. Ct. Kings Cty. 1990) (prosecutors and police violated *Brady* and court order by intentionally destroying tape containing impeachment material)

---

[1] "[T]here is no requirement that complaints result in a formal finding of misconduct for such complaints to support findings of failure to supervise." *Buari v. City of New York*, 2021 WL 1198371, at *23 (S.D.N.Y. 2021) (Vyskocil, J.), citing *Fiacco v. City of Rensselaer*, 783 F.2d 319, 328 (2d Cir. 1986) ("The fact that none of the claims had yet been adjudicated in favor of the claimant was not material; if the City's efforts to evaluate the claims were so superficial as to suggest that its official attitude was one of indifference to the truth of the claim, such an attitude would bespeak an indifference to the rights asserted in those claims.").

9. *People v. Brazzeal*, 172 A.D.2d 757 (2d Dep't 1991) (prosecutor's improper summation violated defendant's due process rights)

10. *People v. Faison*, 176 A.D.2d 752 (2d Dep't 1991) (prosecutor failed to timely disclose witness' prior statement)

11. *People v. Calvin Boyette*, March 15, 1991 Order (vacating murder conviction based on prosecutor's suppression of crucial *Brady* material ), *reversed*, 201 A.D. 2d 490 (2d Dep't 1994), *habeas granted, sub nom Boyette v . Lefevre*, 246 F.3d 78 (2d Cir. 2001)

12. *People v Leka*, October 7, 1991 (court order on defendant's CPL § 440.10 motion puts Hynes on notice of complaint that prosecutor suppressed *Brady* material), *aff'd*, 209 A.D.2d 723 (2d Dep't 1994), *habeas granted sub nom Leka v. Portuondo*, 257 F.3d 89 (2d Cir. 2001)

13. *People v. Crespo*, 188 A.D.2d 483 (2d Dep't 1992) (mistrial granted due to prosecutor's *Brady* violation)

14. *People v. Brown*, 187 A.D.2d 437 (2d Dep't 1992) (trial court sanctioned prosecutor for *Brady* violation)

15. *People v. Inswood*, 180 A.D.2d 649 (2d Dep't 1992) (prosecutor delayed disclosing *Brady* material that existence of witnesses with material information)

16. *People v. Cecora*, 186 A.D.2d 215 (2d Dep't 1992) (prosecution and police failed to disclose interview notes containing potential impeachment information)

17. *People v. Hughes*, 181 A.D.2d 132 (2d Dep't 1992) (hearing required regarding prosecution's failure to disclose exculpatory police report)

18. *People v. David Ranta*, 8990/90 (CPL §440.10  litigation from August-December 3, 1992), 203 A.D.2d 307 (2d Dep't) ("[W]e do not condone the People's delay in meeting its *Brady*" obligation)

19. *People v. Rahman*, (CPL § 440.10 motion filed in August 1992 alleging *Brady* violation), remanded at 231 A.D.2d 745 (2d Dep't 1996) (remitted for a 440 hearing concerning prosecution's withholding of witness's cooperation agreement)

20. *People v. Inswood*, 180 A.D.2d 649 (2d Dep't 1992) (prosecution's failure to turn over *Brady* material was error; assigned prosecutor is subsequently promoted, does not receive negative feedback or personnel action)

21. *People v. Lebron*, 585 N.Y.S.2d 498 (2d Dep't 1992) (prosecution's presentation of false testimony that was "completely unbelievable and untrustworthy" required reversal of conviction)

22. *People v. Young*, 155 Misc. 2d 878 (Sup. Ct. Kings Cty. 1992), *on remand from*, 79 N.Y.2d 365 (1992) (failure to disclose impeachment material required new trial; hearing court condemned prosecution for tailoring testimony)

23. *People v. Giddings*, 2/21/92 NYLJ 25 (col. 1) (Sup. Ct. Kings Cty. Feb. 21, 1992) (prosecutor's failure to disclose witness' prior inconsistent statements required conviction to be vacated)

24. *Walker v. City of New York*, 974 F.2d 293 (2d Cir. 1992) (Second Circuit upheld *Monell* claim against City of New York for unlawful policies of Brooklyn District Attorney's Office that allegedly resulted in withholding of *Brady* material causing plaintiff's wrongful conviction and 18-year imprisonment)

25. *People v. Stevens* (Order granting defendant's CPL § 440.10 motion on *Brady* grounds dated December 11, 1992), *reversed*, 199 A.D.2d 441 (2d Dep't 1993)

26. *People v. Jackson*, 198 A.D.2d 301 (2d Dep't 1993), *affirming* 154 Misc. 2d 718 (Sup. Ct. Kings Cty. 1992) (prosecutors failed to timely disclose exculpatory statements; conviction reversed)

27. *People v. Gurley*, 602 N.Y.S.2d 184 (2d Dep't 1993) (affirming trial court's grant of post-conviction motion arising from KCDA's suppression of *Brady* information)